UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 17 CR 522 |
| | ) | Hon. | John J. Tharp, Jr. |
| ALBERT ROSSINI | ) | | |

## PROPOSED JURY INSTRUCTIONS

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR.,

United States Attorney for the Northern District of Illinois, respectfully submits its

proposed jury instructions and verdict form in this case.[1]

Respectfully submitted.

JOHN R. LAUSCH, JR.
United States Attorney

By:     */s/ Amarjeet S. Bhachu*
PAUL SCHIED
AMARJEET S. BHACHU
Assistant United States Attorneys
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 469-6212

---

[1]     These jury instructions remain subject to additional revision by the parties.

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT INSTRUCTION NO. 1
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 1.01

*Throughout these proposed instructions, the bracketed language is to be used if necessary.

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crime of bank fraud. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

GOVERNMENT INSTRUCTION NO. 2
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 1.02

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 3
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, [and] the exhibits that I allowed into evidence, [and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true].

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

GOVERNMENT INSTRUCTION NO. 4
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.01

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT INSTRUCTION NO. 5
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT INSTRUCTION NO. 6
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.03

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT INSTRUCTION NO. 7
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.04

[A defendant has an absolute right not to testify [or present evidence.] You may not consider in any way the fact that the defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.]

GOVERNMENT INSTRUCTION NO. 8
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony [,including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

GOVERNMENT INSTRUCTION NO. 9
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.01

[It is proper for an attorney to interview any witness in preparation for trial.]

GOVERNMENT INSTRUCTION NO. 10

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.02

[You have heard evidence that before trial, [a] witness[es] made [a] statement[s] that may be inconsistent with [his;their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness's testimony was here in court. [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]

GOVERNMENT INSTRUCTION NO. 11
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.03

[You have heard evidence that before the trial, the defendant made [a] statement[s] that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by the defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.]

GOVERNMENT INSTRUCTION NO. 12
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.04

[You may consider evidence that the defendant was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.]

GOVERNMENT INSTRUCTION NO. 13
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.06

[You have heard testimony about [name]'s character for [truthfulness; untruthfulness]. You may consider this evidence only in deciding the believability of [name]'s testimony and how much weight to give it.]

GOVERNMENT INSTRUCTION NO. 14
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.07

[You have heard testimony about the defendant's [good character; character for

_____]. You should consider this testimony together with and in the same way you

consider the other evidence.]

GOVERNMENT INSTRUCTION NO. 15
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.08

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence.

GOVERNMENT INSTRUCTION NO. 16
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.16

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT INSTRUCTION NO. 17
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.18

Counts One through Five of the indictment charge the defendant with scheming to obtain money belonging to a bank by false or fraudulent pretenses or misrepresentations. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      There was a scheme to obtain moneys, funds, credits, assets, securities, or other property that were in the care, custody, or control of a bank by means of false or fraudulent pretenses, representations or promises, as charged in the indictment; and

2.      The defendant knowingly carried out or attempted to carry out the scheme; and

3.      The defendant acted with intent to defraud; and

4.      The scheme involved a materially false or fraudulent pretense, representation, or promise; and

5.      At the time of the charged offense the deposits of the bank were insured by the Federal Deposit Insurance Corporation.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

GOVERNMENT INSTRUCTION NO. 18

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 18 U.S.C. § 1344(2) Obtaining Bank Property By False or Fraudulent Pretenses—Elements

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

To prove a scheme to obtain moneys, funds, credits, assets, securities, or other property in the care, custody or control of a bank by means of false pretenses, representations or promises, the government must prove that a false pretense, representation or promise charged was what induced or would have induced the bank to part with the money.

In considering whether the government has proven a scheme to obtain moneys, funds, credits, assets, securities, or other property in the care, custody or control of a bank by means of false pretenses, representations or promises, the government must prove at least one of the false pretenses, representations, promises, or acts charged in the portion of the indictment describing the scheme. However, the government is not required to prove all of them.

GOVERNMENT INSTRUCTION NO. 19
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 18 U.S.C. § 1344(2) Scheme—Definition

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 20
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.10 (Definition of Knowingly)

A person attempts to commit bank fraud if he (1) knowingly takes a substantial step toward committing bank fraud, (2) with the intent to commit bank fraud. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the offense of bank fraud.

GOVERNMENT INSTRUCTION NO. 21
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.09 (Attempt)

A false or fraudulent pretense, representation or promise is "material" if it is capable of influencing the decision of the person or bank to whom it was addressed.

It is not necessary that the false or fraudulent pretense, representation or promise actually have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

GOVERNMENT INSTRUCTION NO. 22
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 18 U.S.C. § 1341 & 1343—Definition of Material

A person acts with "intent to defraud" if he acts knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to the defendant or another or the potential loss of money or property to another.

GOVERNMENT INSTRUCTION NO. 23
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 18 U.S.C. § 1341 & 1343—Definition of "Intent to Defraud"

The bank fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

The government need not prove that the scheme actually succeeded.

GOVERNMENT INSTRUCTION NO. 24
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 18 U.S.C. § 1341 & 1343—Success Not Required (modified)

Title 18, United States Code, Chapter 207 provides for the release of individuals during a pending judicial proceeding. A defendant who is on bond pending trial for a federal criminal charge is on "release pending further judicial proceedings."

GOVERNMENT INSTRUCTION NO. 25

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crime happened reasonably close to the dates. The government is not required to prove that the crime happened on those exact dates.

GOVERNMENT INSTRUCTION NO. 26
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.05

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

GOVERNMENT INSTRUCTION NO. 27
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.06

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT INSTRUCTION NO. 28
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.08

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT INSTRUCTION NO. 29
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 7.01 (modified)

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

GOVERNMENT INSTRUCTION NO. 30
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 31
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA     )
                                      )
          v.                     )     No.    17 CR 522
                                        )     Hon.   John J. Tharp, Jr.
ALBERT ROSSINI               )

## VERDICT FORM

### Count One

With respect to Count One of the indictment, we, the jury, do hereby find the defendant, ALBERT ROSSINI:

<u>GUILTY</u>          <u>NOT GUILTY</u>

_____          _____

If you find the defendant, ALBERT ROSSINI, GUILTY of the offense charged in Count One of the indictment, then you must determine whether the government has proved beyond a reasonable doubt that the defendant was on release pending further judicial proceedings at the time of the offense.

We, the jury, find that this circumstance:

WAS PROVED _____     WAS NOT PROVED _____

## Count Two

With respect to Count Two of the indictment, we, the jury, do hereby find the defendant, ALBERT ROSSINI:

GUILTY        NOT GUILTY

_____              _____

If you find the defendant, ALBERT ROSSINI, GUILTY of the offense charged in Count Two of the indictment, then you must determine whether the government has proved beyond a reasonable doubt that the defendant was on release pending further judicial proceedings at the time of the offense.

We, the jury, find that this circumstance:

WAS PROVED _____       WAS NOT PROVED   _____

## Count Three

With respect to Count Three of the indictment, we, the jury, do hereby find the defendant, ALBERT ROSSINI:

GUILTY        NOT GUILTY

_____              _____

If you find the defendant, ALBERT ROSSINI, GUILTY of the offense charged in Count Three of the indictment, then you must determine whether the government has proved beyond a reasonable doubt that the defendant was on release pending further judicial proceedings at the time of the offense.

We, the jury, find that this circumstance:

WAS PROVED _____       WAS NOT PROVED   _____

## Count Four

With respect to Count Four of the indictment, we, the jury, do hereby find the defendant, ALBERT ROSSINI:

<u>GUILTY</u>          <u>NOT GUILTY</u>

\_\_\_\_\_          \_\_\_\_\_

If you find the defendant, ALBERT ROSSINI, GUILTY of the offense charged in Count Four of the indictment, then you must determine whether the government has proved beyond a reasonable doubt that the defendant was on release pending further judicial proceedings at the time of the offense.

We, the jury, find that this circumstance:

WAS PROVED _____          WAS NOT PROVED _____

## Count Five

With respect to Count Five of the indictment, we, the jury, do hereby find the defendant, ALBERT ROSSINI:

<u>GUILTY</u>          <u>NOT GUILTY</u>

\_\_\_\_\_          \_\_\_\_\_

If you find the defendant, ALBERT ROSSINI, GUILTY of the offense charged in Count Five of the indictment, then you must determine whether the government has proved beyond a reasonable doubt that the defendant was on release pending further judicial proceedings at the time of the offense.

We, the jury, find that this circumstance:

WAS PROVED _____          WAS NOT PROVED _____

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____
DATE