1< 6

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

JUN 01 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, PLAINTIFF, | |
| v. | Case No. 17 CR-522<br>HONORABLE JOHN THARP<br>District Court |
| ALBERT ROSSINI, DEFENDANT. | |

MOTION TO DISMISS INDICTMENT

Coming before this Honorable Court, Albert Rossini ("Rossini"), the Defendant in the above captioned case, by his Counsel Clarence Butler, Jr., moves this Court to dismiss the indictment based on the facts set forth and the laws of the United States.

## I. BACKGROUND

The Defendant was granted a pretrial release in 15 CR-515-1, in which he was subsequently convicted in a jury trial. The conviction and sentence is now being appealed before the Court of Appeals for the Seventh Circuit. The pretrial release in 15 CR-515 had certain stipulations attached by the Court, which are at issue. The pretrial release in 15 CR-515-1 was granted on August 25, 2015 by Magistrate Judge Finnegan and affirmed several days later by Magistrate Judge Gilbert.

While on pretrial release in 15 CR-515-1, the government alleged a violation by the Defendant of 18 U.S.C. §1344 and 18 U.S.C. §3147. This complaint is primarily a violation of fraud against a financial institution. The government alleges that as part of the scheme, Rossini's actions exposed the banks to a risk of loss, and caused actual losses to certain banks.

## II. RULE 16 VIOLATIONS

The government has an obligation to disclose exculpatory material favorable to an accused as to either gilt or punishment, even when no affirmative request has been made by the Defendant. **Brady v. Maryland**, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). MateriaL "favorable to an accused" includes not only evidence that affirmatively tends to exculpate the Defendant, but also information that impeaches the credibility of government witnesses. See **Giglio v. United States**, 405 U.S. 150, 154-55, 31 L.Ed.2d 104 (1972).

The indictment was filed September 27, 2017, and as of this date, the government has not produced any discovery to the Defendant. Upon examination of this Court on May 12, 2022, the United States revealed that the discovery had been sealed. The Court ordered that discovery be turned over to the Defendant.

The Defendant has repeatedly requested the discovery of evidence against him and supporting the indictment over the past 56 months since the filing of the indictment. Oddly, a letter from the government dated April 8, 2022 sets forth preliminary U.S. Sentencing Guideline

calculations as being 18 to 24 months through a potential plea agreement (Exhibit A, attached and incorporated herein). The case is over 54 months old and without discovery tendered to the Defendant.

## III. THE VIOLATION

The charge is specifically a violation of Title 18 U.S.C. §1344, fraud against a bank. The Defendant was granted pretrial release and additionally granted permission by pretrial Officer Justin Wiersema to work and be compensated. The Defendant's employment was as a consultant to AFT JPS Import Export International and its President and sole owner, Jorge Perez. Defendant's employment and monthly income was memorialized in a letter from Mr. Perez to Pretrial Officer Wiersema. In addition, Officer Wiersema met and spoke several times with Mr. Perez at Rossini's office, 3924 W. Devon St, Lincolnwood, Illinois 60712.

In July 2017, Rossini learned that the compensation he received may have been a result of a floating scheme by a non-defendant, and was discovered by Rossini when he was requested to prepare an income and expense report for AFT JPS Import and Export International. The money disbursed, and without proper funding, was disbursed to private persons and not a bank. In the only instance where funds withdrawn by "GS", he was compensated in full through Defendant's own funds before the indictment.

The Defendant has stood fast that any discovery must include certain bank statements of AFT JPS Import Export International, Another

Chicago Construction Company, Jorge R. Perez Enterprises, Inc., Jorge R. Perez, Eduardo Perez, Eustorgio Perez, and Guy Stein. The bank account statements requested by Defendant encompass the months from July 2016 through and including July 2017. these bank statements, more likely than not will exonerate Defendant of unlawful behavior in the instant case and be cause for dismissal of the complaint.

No financial institution was defrauded. The alleged violations of 18 U.S.C. §1344 has no supporting evidence. Actually, the absence of Rule 16 discovery may on it's face deny the rebuttal of the charges as set forth.

| Count | Date of Deposit | Check Amount | Payor | Payee |
|---|---|---|---|---|
| 1 | March 7, 2017 | $2,100 | A.F.T. JPS Imports International | Albert Rossini |
| 2 | May 23, 2017 | $5,300 | Albert Rossini | Individual MB |
| 3 | May 24, 2017 | $6,664 | A.F.T. JPS Imports International | Individual GS |
| 4 | May 24, 2017 | $7,800 | A.F.T. JPS Imports International | Individual GS |
| 5 | July 25, 2017 | $25,000 | A.F.T. JPS Imports International | Albert Rossini |

Count One: The check in the amount of $2,100 was drawn by AFT JPS Import Export International for payment of Rossini's office rent at 3924 W. Devon St., Lincolnwood, IL 60712 pursuant to a lease agreement in effect from 2008 between and among Rossini, Devon Street Investments, Ltd. and Lessor, Devon Proesel, LLC. No cash was disbursed.

Count Two: The check in the amount of $5,300 was drawn by Albert Rossini for a loan payment to Matan Braunshteyn, as per verbal contract. No cash was disbursed as the loan had been made by "MB" in advance of Rossini tendering the $5,300 check.

Count Three: The drawer of the check in the amount of $6,664 was AFT JPS Import Export International and was made payable to Guy Stein on Rossini's behalf. Rossini reimbursed Stein the full amount of the check prior to the indictment. Stein may or may not have deposited the money orders, Western Union payments and cash payments to him from Rossini to cover the "GS" bank account at Village Bank.

Count Four: The drawer of the check in the amount of $7,800 was AFT JPS Import Export International and was made payable to Guy Stein for reimbursement of the check for $6,664. No cash was disbursed from this check.

Count Five: The drawer of a check in the amount of $25,000 made payable to Albert Rossini was AFT JPS Import Export International. Defendant deposited the check in his bank depository but did not attempt to withdraw any funds based on the check.

## IV. SUMMARY

I. The act of depriving the Defendant of any discovery which is necessary in preparing a defense (see **United States v. Thompson,** 944 F.2d 1331, 1341 (7th Cir. 1991)(quoting Fed. R. Crim. P. 16(a)(1)(E)), is an act of bad faith, and would more likely than not create a disadvantage or prejudice to the Defendant in any proceeding. It is common for Rule 16 discovery to be produced within 14 days of an arraignment (Rule 16.1(a), Fed.R.Crim.P. added April 25, 2019, Effective Dec. 1, 2019).

The conduct of non-production of Rule 16 material is egregious and was deliverate by the prosecution. The government acted in bad faith for over 4 years, however, it did produce a plea agreement and a pre-plea sentencing guideline recommendation. More likely than not, this was intentional and done "willfully and in bad faith" (see **United States v. Espinal,** 96 F.Supp. 3d 5371 (S.D.N.Y. 2015).

Dismissal of an indictment due to prosecutorial misdconduct is appropriate "only in very limited circumstances" in which "there [is] a need either to eliminate prejudice to a defendant in a criminal prosecution, where it is impossible to do so by imposition of lesser sanctions, or to deter a pattern of demonstrated and longstanding widespread or continuous official misconduct. (**United States v. Nordlicht,** No. 16 CR 00640, 2019 U.S. Dist. LEXIS 7855, 2019 WL 235640 at *2 (E.D. N.Y. Jan. 16, 2019)(quoting **United States v. Broward,** 594 F.2d 345, 351 (2nd Cir. 1079). dismissing this indictment which was filed in September 2017 clearly demonstrates the prosecution

engaged in "egregious and deliberate" misconduct and acted willfully and in bad faith (See **Espinal**, 96 F.Supp.3d 53, 71 (S.D.N.Y. 2015) as the Rule 16 material has not yet been received by the Defendant.

II. As to the charges contained in the Chart on Page 4 herein:

Drafting or depositing a check does not constitute a false statement, see **Williams v. United States**, 458 U.S. 279 (1982)(technically speaking, a check makes no statement with respect to the drafter' bank balance), the seventh Circuit has held that writing a bad check does not fall under §1344(2), and since there was no attempt to withdraw funds in Counts One, Two, Four and Five, there can be no check kiting scheme under $1344(1).

Simply attempting to deposit a bad check, however, does not constitute a scheme to defraud under 18 U.S.C. §1344(1) and since there was no attempt to withdraw funds in four of the five counts charged, a pattern or course of conduct meant to deceive a financial institution is not present. See **United States v. Higgins**, 270 F.3d 1070, 1073 (7th Cir. 2001). Nor is it enough under §1344(2) as there must be some evidence of false representations or promises. **Higgins**, 270 F.3d at 1073-74. The Defendant did not attempt to open up a bank account with a bogus check nor did he attempt to withdraw funds in Charges One, Two, Four and Five, and therefore there was no scheme to defraud.

In order to prove bank fraud under §1344(1), the government must establish that 1) there was a scheme to defraud a financial

institution; 2) the defendant knowingly executed or attempted to execute the scheme; 3) the defendant acted with intent to defraud; and 4) the deposits of the financial institution were insured by the FDIC at the time fo the offense. See **United States v. Parker** 716 F.3d 999, 1008 (7th Cir. 2013). The crime of bank fraud is complete ;when the defendant places the bank at risk of financial loss. **United States v. Anderson**, 188 F.3d 886, 888 (7th Cir. 1999). Here, Defendant Rossini had both not received funds from the checks in Counts One, Two, Four and Five, he also had not attempted to do so. In order to criminalize the checks written in this indictment, the government would, in essence, be criminalizing hundred of thousands of checks written per day that bounced though out the country.

Bank fraud requires proof that the defendant knowingly defrauded a financial institution. If the defendant did not intend to defraud a financial institution, he does not commit bank fraud. See, e.g., **United States v. White**, 882 F.2d 250 (7th Cir. 1989).

Defendant Rossini requests the dismissal of the indictment and criminal complaint as captioned herein.

Respectfully submitted,

Albert Rossini
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

ALBERT ROSSINI
#08043-424
METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST.
Chicago, Il. 60605




Legal Mail

Hon. Thomas Bruton
Clerk of United States District Court
FOR The NORTHERN DISTRICT OF Illinois
219 S. DEARBORN ST.
Chicago, Il. 60604




**METROPOLITAN CORRECTIONAL CENTER**
71 W VAN BUREN ST, CHICAGO IL 606005
The enclosed letter was processed through special mailing procedures for forwarding to you.
This letter has neither been opened nor inspected.

MAY 2 7 2022

If the sender raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the sender encloses correspondence for forwarding to another addressee, **please return to the enclosure to the above address.**