UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBERT ROSSINI | 17 CR 522<br><br>Hon. John J. Tharp |

**GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE TO ADMIT
PORTIONS OF DEFENDANT'S AFFIDAVIT**

The United States of America, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby moves *in limine* to admit a redacted version of defendant's affidavit in support of defendant's motion to dismiss (Dkt. 121) (attached as Exhibit A). In support of its motion, which supplements the Government's Consolidated Motions *in Limine*, filed on May 5, 2022 (Dkt. 109), the government states at follows:

**BACKGROUND**

The superseding indictment charges defendant Albert Rossini with five counts of bank fraud in violation of Title 18, United States Code, Section 1344, and also alleges that he committed the offenses while on release under Chapter 207 of Title 18, United States Code, pursuant to an order of the United States Court for the Northern District of Illinois. Dkt. 102. Between November 2016 and July 2017, Rossini engaged in a scheme to defraud that included passing a series of fraudulent checks at several banks. Rossini obtained checks through false pretenses and caused false checks to be created. He provided the fraudulent checks to various individuals, including Matan Braunshtein (referenced as "Individual MB" in Count 2 of the

superseding indictment) for the purpose of preventing or delaying those individuals from taking adverse action on debts defendant owed them. He also deposited fraudulent checks at financial institutions in order to inflate account balances so that cash could be withdrawn from those accounts.

Rossini committed these offenses while he was on release pending trial in 15 CR 515, where he was charged – and eventually convicted – of 14 assorted fraud counts in connection with a multi-million-dollar Ponzi scheme.

On June 1, 2022, defendant filed a motion to dismiss the indictment (Dkt. 120), as well as an affidavit of defendant in support of that motion (Dkt. 121). Defendant signed the affidavit, swearing to the truth of its contents under penalty of perjury, and listed his unique U.S. Marshals Service identifying number as well as his address at the Metropolitan Correctional Center in Chicago. In the affidavit, defendant made a variety of statements, including statements that he had been granted pretrial release in case number 15 CR 515 (Dkt. 121, ¶ 1) and had written "a check to Matan Braunshteyn on or about May 23, 2017 from the account of Albert Rossini in the amount of $5,300 in payment of a loan that Mr. Braunshteyn had made to Rossini" (*id.* at ¶ 7). Although the affidavit also includes additional statements relating to, *inter alia*, defendant's purported business relationship with an individual named Jorge Perez and checks deposited into the account of Guy Stein (referenced as "Individual GS" in the superseding indictment), the government only seeks to introduce the statements relating to defendant's status on pretrial release in paragraph 1 and to the check to Matan Braunshtein in paragraph 7.

## ARGUMENT

**I.     Defendant's Statements in the Redacted Affidavit Are Not Hearsay**

Rule 801(d)(2)(A) of the Federal Rules of Evidence excludes from the definition of "hearsay" any statement that "is offered against an opposing party" and "was made by the party in an individual or representative capacity." The government seeks to introduce portions of defendant's affidavit against defendant and defendant made the statements contained in the affidavit in an individual capacity. Defendant signed the affidavit above a signature block listing his address and unique USMS number, and then submitted the affidavit along with his motion to dismiss the superseding indictment, with the intention that it would be filed on the docket in this case. There is no question as to the authenticity of the document or as to whether defendant made the statements in question.

**II.    The Proposed Redactions Are Appropriate Under Rule 106 of the Federal Rules of Evidence**

Rule 106 of the Federal Rules of Evidence does not require that the entire affidavit be introduced if the government seeks to introduce only paragraphs 1 and 7 (relating to defendant's status on pretrial release and the check to Braunshtein, respectively) because the portions to be redacted are not factually intertwined with those topics in any meaningful way. Seventh Circuit case law interpreting Rule 106 requires only that the trial judge admit relevant evidence that "qualifies or explains the evidence offered by the opponent." *United States v. Velasco*, 953 F.2d 1467, 1475 (7th Cir. 1992) (citing *United States v. Sweiss*, 814 F.2d 1208, 1211 (7th Cir. 1987). To determine whether the evidence "qualifies or explains the evidence offered by the

3

opponent," the trial court should ask: "(1) does it explain the admitted evidence, (2) does it place the admitted evidence in context, (3) will admitting it avoid misleading the trier of fact, and (4) will admitting it insure a fair and impartial understanding of all of the evidence." *Id*.

      The admission of defendant's statements in paragraphs 1 and 7 regarding pre-trial release and the check to Braunshtein are not rendered incomplete or misleading by the omission of defendant's statements on other topics such as defendant's relationship with Jorge Perez or checks defendant provided to Guy Stein. Just as the government regularly is permitted to introduce only portions of a defendant's recorded post-arrest statement, so long as the exclusion of other portions does not render the admitted portions misleading, the government should not be compelled to introduce statements of the defendant from the affidavit other than those in paragraphs 1 and 7.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant its supplemental motion *in limine* and admit the redacted version of defendant's affidavit attached as Exhibit A.

                          Respectfully submitted.

                          JOHN R. LAUSCH, JR.
                          United States Attorney

By:   */s/ Patrick Mott*
       PAUL SCHIED
       PATRICK MOTT
       Assistant United States Attorneys
       219 South Dearborn Street
       Fifth Floor
       Chicago, Illinois 60604
       (312) 554-9133