UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 17 CR 522 |
| Plaintiff, ) | |
| ) | Honorable Judge Tharp |
| ALBERT ROSSINI. ) | |
| Defendant. ) | |

**MOTION TO WITHDRAWN AS ROSSINI AND COUNSEL HAVE AN IRRECONCILABLE CONFLICT RELATIVE TO TRIAL STRATEGICAL, TACTICAL AND ETHICAL ISSUES THAT ARE INCAPABLE OF RESOLUTION CAUSING AN IRRETRIEVABLE BREAKDOWN OF THE ATTORNEY-CLIENT RELATIONSHIP**

Now Come Attorney Clarence Butler Jr., of the Law Office of Clarence Butler Jr. and hereby submits this *Motion To Withdrawn As Rossini And Counsel Have An Irreconcilable Conflict Relative To Trial Strategical, Tactical And Ethical Issues That Are Incapable Of Resolution Causing An Irretrievable Breakdown Of The Attorney-Client Relationship*.

Rossini and counsel have irreconcilable conflicts relative to strategical, tactical and ethical issues that are at this juncture are incapable of resolution causing an irretrievable breakdown in the attorney-client relationship. Counsel has visited Rossini in-person at the MCC on or about October 14, 2022, October 22, 2022 and Friday, October 28, 2022 and despite counsel's best efforts, these irreconcilable differences and conflicts are unresolvable. Counsel will note that there are certain witnesses, tactics and records inter alia, and courses of action Rossini wishes counsel to advance, however based on Rossini's testimony at sentencing in 15CR515 and other undisclosed issues, counsel is not able to proceed in the manner Rossini desires.

Rossini filed numerous ineffective assistance allegations against prior counsel for not adopting a course that Rossini desired in 15CR 515. Based on counsel's ethical obligations he is compelled to withdraw and request that Rossini be given appointed new counsel.

It should also be noted that circumstances have been exacerbated by the fact that Rossini is not following counsel's advice and has adopted his own course of action, emblematic of the other numerous pro se filings he his lodged in cause number 15 CR 515, and the pro se filing that this court(17CR522) has rejected, advising Rossini to file motions through his appointed counsel. Based on information and belief Rossini's wife is an attorney and has provided legal analysis which may not be consistent with counsel course, based on confidential communications issues.

Furthermore, it should be noted that when counsel went to visit Rossini at the MCC on or about the morning of October 14, 2022, counsel upon signing in was advised by the MCC officers that Rossini was meeting with another lawyer. Counsel observed the sign-in visiting attorney log sheet, and recognized the name of a former retained counsel of Rossini on this case, appearing as visiting Rossini. During and subsequent to my visit with Rossini, he never disclosed that he had met with his prior retained counsel. Additionally, I was never contacted and informed that counsel had met with my client. However, I do know that after the October 14, 2022 meeting, communications, strategy, tactics and cooperation became exponentially more strained. These factors I believe place the unsteady attorney client relationship on a trajectory toward dissolution.

More importantly, it should be noted that after and during the meeting with Rossini, he was more committed and adamant relative to contrary courses of action that counsel was unable to pursue. This situation exacerbated the differences in conflict existing relative to the course of action that counsel had rendered and advised, compelling counsel's withdrawal.

BACKGROUND

A grand jury on August 20, 2015, in the Northern District of Illinois returned an indictment in 15CR15-01 as to Albert Rossini and three codefendants alleging the

operation of a Ponzi scheme that defrauded investors of millions of dollars, charging Rossini in 14 Counts with violations under Title 18, United States Code Section 1343, regarding Fraud by Wire, Radio or Television in Counts 1-3, 6, and 8-14. Rossini was also charged with Fraud and Swindles in violations under Title 18 United States Code 1341 in Counts 4, 5, and 7 (docket# 1). On June 14, 2018, a jury returned a guilty verdict against Rossini, finding him guilty on all fourteen counts.

Clarence Butler Jr. was appointed to represent Albert Rossini post-trial after Rossini discharged his trial counsel. Clarence Butler Jr., was CJA appointed on October 9, 2020,[Docket 655] in cause the above referenced cause number 15 CR 00515, involving the aforementioned fraud offenses, then pending for sentencing before the Honorable United States District Court Judge John Z. Lee. Counsel was designated relative to sentencing purposes and his representation continues relative to the pending filed appeal in 21-3115 evolving from cause 15CR 00515 .

*Rossini Was Previously Represented By The Following Counsel During Pretrial And Trial Stages Relative To15CR 00515*

**Joshua B. Adams**
Law Offices of Joshua B. Adams, PC
900 W. Jackson Blvd.
Suite 7 East
Chicago, IL 60607
312-566-9173
Email: josh@adamsdefenselaw.com

**Keri A Ambrosio**
Law Offices of Keri Ambrosio
53 West Jackson Boulevard

Suite 920
Chicago, IL 60604
(312)961-3261
Email: keri@ambrosiolegal.com

**Richard S Kling**
Chicago-Kent Law Offices
565 W. Adams
6th Floor
Chicago, IL 60661
(312) 906-5075
Email: rkling@kentlaw.iit.edu

**Scott Jay Frankel**
Frankel & Cohen
53 W. Jackson Blvd
Suite 1615
Chicago, IL 60604
(312) 759-9600
Email: frankelandcohen@aol.com

**Brooke L. Stevens**
Seiden Law Group, P.C.
333 South Wabash Ave
Suite 2700
Chicago, IL 60604
312.236.3060
Email: bstevens@seidengroup.law

**Glenn Seiden**
Seiden Law Group P.C.
333 South Wabash Avenue
Suite 2700
Chicago, IL 60604
(312) 236-3060
Email: gseiden@seidengroup.law

**Joshua A. Redman**
Tetzlaff Law Offices, LLC
227 WEST MONROE STREET
SUITE 3650
Chicago, IL 60606
(312) 574-1000
Email: jredman@tetzlafflegal.com

**Theodore P Netzky**
Seiden Netzky Law Group, LLC
333 South Wabash Avenue
Suite 2700
Chicago, IL 60604
(312) 236-3060
Email: tnetzky@snlgllc.com

*Rossini Was Previously Represented By The Following Counsel Relative To17CR522*

**Joshua B. Adams**
Law Offices of Joshua B. Adams, PC
900 W. Jackson Blvd.
Suite 7 East
Chicago, IL 60607
312-566-9173
Email: josh@adamsdefenselaw.com

**Richard S Kling**
Chicago-Kent Law Offices
565 W. Adams
6th Floor
Chicago, IL 60661
(312) 906-5075
Email: rkling@kentlaw.iit.edu

**Scott Jay Frankel**
Frankel & Cohen
53 W. Jackson Blvd
Suite 1615
Chicago, IL 60604

(312) 759-9600
Email: frankelandcohen@aol.com

**Michael Edward Rediger**
The Rediger Law Firm
161 North Clark
Suite 2550
Chicago, IL 60601
312-342-7174
Email: mrediger@redatlaw.com


CHRONOLOGY


Docket[227] March 9, 2017- *Motion To Withdraw* was presented by Keri Ambrosia citing ethical obligations

Docket [277] January 2, 2018- Rossini filed a letter with the court claiming ineffective assistance of counsel regarding Attorneys Joshua Adams and regarding Attorney Scott Frankel

Docket [337] June 7, 2018 -Rossini filed a letter of complaint with the court regarding his lawyers

Docket [361] July 12, 2018- Rossini filed a letter of complaint regarding his lawyers. Rossini requested his lawyers refrain from filing any documents on his behalf and also requested the court not accept any motions from his Attorneys Adams and Frankel

Docket[362 ]July 23, 2018- *Motion To Withdraw* was filed by attorney Joshua Adams citing Rossini's motion

Docket[365] August 7, 2018- Rossini filed a 441 page Pro Se *Motion For New Trial* complaining relative to his trial attorneys' alleged irresponsible strategy and defense

Docket[366] August 7, 2018 - Rossini filed a *Motion To Expand Memorandum For A New Trial*

Docket [370] August 14, 2018 - Rossini submits a letter to the court

Docket [379] September 12, 2018 -Appearance filed by Attorney Professor

Richard Kling on behalf of Rossini

Docket[468]- Professor Attorney Richard Kling *Motion To Withdraw* as attorney for Rossin

Docket [474] August 14, 2019 -letter from Rossini to the court

Docket [481], [490], [498],- communications from Rossini to the court

Docket [504] October 28, 2019 letter from Rossini to the court

Docket [547] [548] and [549] December 20, 2029 through December 26, 2029- letters to the court from Albert Rossini

Docket [557] January 30, 2020 Rossini request a new attorney for purposes of sentencing

Docket [562] through [564] January 30, 2020 through February 14, 2020 -motions and filings by Rossini presented to the court

Docket [568] February 19, 2020 the court reappoints Attorney Professor Richard Kling as counsel given his knowledge of the case

Docket[573] March 4, 2020- Attorney Professor Richard Kling Motion To Withdraw as attorney

Docket [592] April 10, 2020 -letter from Rossini to the court

Docket[597] May 22, 2020 -letter from Rossini to the court

Docket [639] September 4, 2020 -renewed request by Rossini for appointment of counsel

Docket [650] October 7, 2020 -Attorney Professor Richard Klings informs the court that Rossini does not want him to continue as standby counsel; Rossini request for the appointment of new counsel is granted

Docket number [653] October 8, 2020 -Attorney Clarence Butler Jr., was appointed to represent Rossini

Docket[678] Rossini submits an incomplete and incorrect letter of complaint to the court concerning Attorney Clarence Butler Jr.

Docket[691] May 11 2021- submits another incomplete and incorrect letter of complaint concerning Attorney Clarence Butler Jr and revisits complaints regarding Attorneys Scott Frankel and Joshua Adams, as well as other past CJA appointed counsels

Docket[694] June 9, 2021 -Attorney Clarence Butler Jr. files *Motion To Withdraw* as counsel for Rossini

Docket [700] June 16, 2021 counsel's *Motion To Withdraw* as attorney for Rosini is denied

Docket [731]-[732] and [734]-[735]- August 17, 2021 to August 24, 2021

Docket [764] November 18, 2021 Judgment of 132 months imprisonment entered on counts 1- 14 wherein Rossini received a departed sentence outside of the guideline range

**Case 17CR522**

All appointed counsels in this cause were all sequential appointed and subsequently withdrawn. Scott Frankel,[6] Joshua Adams,[6][36] Richard Kling[37][67] and Michael Rediger[70][88]

Docket [84] October 20, 2021- Rossini independently initiated and unilaterally submitted a letter to the court requesting the appointment of Clarence Butler Jr. to represent him in case 17 CR522 writing that counsel was very familiar and "well acquainted with my family situation" understood my case and "enjoys my full trust in being able to represent me."

Docket[89]December 2-2021 The court appointed Clarence Butler Jr, to represent Rossini

Docket[116 ]May 10, 2022- Rossini files incomplete and incorrect letter to court complaining about Clarence Butler Jr. inter alia in response to counsel scheduling a change of plea hearing, which Rossini and counsel disputed whether said was requested, reviewed and authorized.

<u>SENTENCING</u>
15 CR515-01

Rossini testified at sentencing against the advice of counsel as the present cause 17CR522 was pending scheduled for trial, as the trial and sentencing Assistant United States Attorney John Mitchell was representing the government during trial and sentencing in 15CR 515 and designated government prosecutor in this pending cause 17CR522. Despite counsel's admonitions, Rossini testified whereupon Judge Lee rendered adverse findings concerning obstruction relative to Rossini's testimony. Notwithstanding Rossini's testimony, Judge Lee imposed a sentence outside of the guideline range.

Rossini was committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 132 months as to each of counts one through fourteen; as the sentence is to run concurrently. Upon release from imprisonment, Rossini shall be on supervised release for a term of: Three (3) years as to each of counts one through fourteen; the sentence to run concurrently.

A sentence within a properly determined guideline range supports a presumption of reasonableness. See Rita, 551 U.S. at 347–56; *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). Given that Rossini received a lower sentence outside of the guidelines range, counsel recognizes that said effectuates a challenging hurdle for Rossini. as Rossini received a sentence of 132 months/ 11 years from Judge Lee, Sent Tr.p.80, when he was facing a guideline range of 210 to

262 months/17.5 to 21.83 years. The applicable statutory maximum per count is 20 years. Sent. Tr.p.59.  The district court addressed all of Rossini's principal arguments as manifested in the Sent. Tr. Pages 1-83 in its entirety, specifically considering and rejecting Rossini's request for time served. Sent. Tr.p.79 lines 24-25. Appellate Rossini after being fully advised by counsel of the ramifications and consequences, has exercised his autonomy as Appellate -Defendant and elected to pursue his appeal.

   Given the totality of sentencing circumstances, counsel obtained a favorable sentence,  outside of the guideline sentencing range, resulting in a substantial guideline sentence reduction for Rossini. Subsequently, Rossini independently initiated and drafted a letter to the Honorable United States District Court Judge John J. Tharp,  seeking counsel's appointment regarding this  pending fraud case, number 17 CR 522.  Rossini tendered the October 18, 2021 letter seeking counsel's appointment in Docket number 84, whereupon Rossini's request was granted and counsel was appointed to represent Rossini on November 9, 2021 in  17 CR 522 Docket number 88. Given that both the cases involved alleged fraudulent schemes, counsel  became  very familiar with the record, and has been communicating and consulting with Rossini since the day of his appointment relative to this cause.

   Please also note, that aside from the conflict issue, counsel  visited Rossini as part of his ongoing representation on Friday  morning  October 14, 2022 relative to

motions involving this case and other matters that have been consistently discussed. Given that Rossini testified at sentencing in 15CR 00515, well aware that cause number 17 CR 522 was in a trial posture, and mindful of the ramifications and consequences of his testimony, Rossini elected to strategically, as well as tactically not object to said government filings. In addition, in support of this position, Rossini had advised that he may exercise his autonomous right to testify in cause 17 CR 522. Thus, Rossini knowingly, willfully and intelligently, elected to not contest or oppose the government's *Consolidated Motion In Limine, The Government's Proposed Jury Instructions,* and *The Governments Proposed Voir Dire Questions*. Specifically, given their apparent neutrality, Rossini had not and did not offer any said objections to these filings.

However, Rossini does hereby submits this *Supplemental Response To Strike And Withdraw The Government's Motion In Limine, To Admit Rossini's Redacted Affidavit[130] Based On The Court's Order In Docket Number 122.*

Wherefore based on the totality of the circumstances, counsel respectfully request that this Honorable Court grant counsel's *Motion To Withdrawn As Rossini And Counsel Have An Irreconcilable Conflict Relative To Trial Strategical, Tactical And Ethical Issues That Are Incapable Of Resolution Causing An Irretrievable Breakdown Of The Attorney-Client Relationship.*

s/<u>Clarence Butler Jr.</u>
The Law Office of Clarence Butler Jr.
77 West Wacker Drive Suite 4500
Chicago, Illinois 60601

Office 312-216-5102