UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBERT ROSSINI | 17 CR 522<br><br>Hon. John J. Tharp |

**GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE TO ADMIT**
**SELF-AUTHENTICATING DOMESTIC RECORDS**

The United States of America, by and through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby moves *in limine* to admit certain certified domestic records of a regularly conducted activity. Under Rule 902(11), "a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person" is self-authenticating.[1] Under Rule 902(11), the proponent must give an adverse party reasonable written notice of the intent to offer the record and make the record and certification available for inspection.[2] Fed. R. Evid. 902(11).

---

[1] Rule 803(6) excludes from the rule against hearsay records "of an act, event, condition, opinion, or diagnosis," if:
    (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
    (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
    (C) making the record was a regular practice of that activity;
    (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
    (E) the opponent does not show that the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness.

[2] This motion constitutes written notice that the government intends to rely on record certifications under the aforementioned rules for the records identified in the government's pretrial exhibit list as Exhibit Numbers 001–007, 010–025, 027, 031, 032, and 034.

The Seventh Circuit has consistently upheld the authentication of business records through certifications, without the need for live testimony, pursuant to Rules 803(6) and 902(11). *See, e.g., United States v. Green*, 648 F.3d 569, 580-81 (7th Cir. 2011); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006); *United States v. Klinzing*, 315 F.3d 803, 809-10 (7th Cir. 2003).

Here, the government intends to introduce bank records through records certifications. Allowing records to be introduced pursuant to 902(11) will obviate the need for live witness testimony from several witnesses in the government's case-in-chief. This will streamline the government's trial presentation, thereby saving the parties, the Court, and the jury significant time and resources. The government therefore respectfully requests that this Court find that the records are self-authenticating and admissible without the need for live testimony concerning their authenticity.[3]

                                              Respectfully submitted.

                                              MORRIS PASQUAL
                                              Acting United States Attorney

By:   */s/ Paul Schied*
       PAUL SCHIED
       PATRICK MOTT
       Assistant United States Attorneys
       219 South Dearborn Street
       Fifth Floor
       Chicago, Illinois 60604
       (312) 697-4091

---

[3] The government may decide to call witnesses from one or more of the identified businesses if the witnesses have additional information, beyond certification of the relevant records, that would be helpful to the jury's understanding of the records.