

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 17 CR 522 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| ALBERT ROSSINI | ) | |

**FILED**
7/25/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## JURY INSTRUCTIONS

**TABLE OF CONTENTS**

Roles of the Jury and the Judge ............................................................................................... 3

The Indictment ........................................................................................................................ 4

Presumption of Innocence....................................................................................................... 4

What Evidence Is and Is Not .................................................................................................. 5

Weighing the Evidence ........................................................................................................... 6

Assessing Witness Credibility ................................................................................................ 7

Summaries Received in Evidence........................................................................................... 7

Instructions Regarding the Charged Crimes:.......................................................................... 8

Elements of Bank Fraud by False or Fraudulent Pretenses .................................................... 8

Elements of Bank Fraud by Scheming to Defraud a Financial Institution ............................. 9

Definition of "Scheme"......................................................................................................... 10

Definition of Materiality ....................................................................................................... 10

Definition of "Knowingly" ................................................................................................... 11

Definition of Attempted Bank Fraud .................................................................................... 11

Definition of "Intent to Defraud".......................................................................................... 11

Success Not Required ........................................................................................................... 11

Jury Deliberations ................................................................................................................. 12

Verdict Form.......................................................................................................................... 14

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. You may take notes regarding these instructions, but we will also give each of you a copy of these instructions for use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. That includes the instructions I gave you before the trial, any instructions I gave you during the trial, the instructions I am giving you now, and the further instructions I will give you after the closing arguments.

### Roles of the Jury and the Judge

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. That is the job of the jury, it's not the court's job, the lawyers' job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything that I said or did during the trial as indicating that I have an opinion about the evidence or what I think your verdict should be.

**The Indictment**

As I previously told you, the charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crime of bank fraud on multiple occasions. The defendant has pled not guilty to these charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. The indictment is not evidence that the defendant is guilty. It does not merit even a suspicion of guilt.

**Presumption of Innocence**

The defendant is presumed innocent of each of the charges. This presumption continues throughout the trial, including during your deliberations. It is not overcome as to a particular charge unless, from all of the evidence admitted in the trial, you are convinced beyond a reasonable doubt that the defendant is guilty of that charge.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it during your deliberations.

## **What Evidence Is and Is Not**

Your verdict must be based only on the evidence that you saw and heard here in court. Do not consider anything that you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the parties agreed. A stipulation is an agreement that certain facts are true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, your recollection and understanding is what counts.

The lawyers' questions and objections likewise are not evidence. Lawyers have a duty to object if they think a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes, however, only as aids to your memory. The notes are not themselves evidence. Each of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

## **Weighing the Evidence**

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms direct evidence and circumstantial evidence. Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact—in other words, evidence that requires an inference.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether it is direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point. What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

**Assessing Witness Credibility**

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors that you may consider include:

- the intelligence of the witness;
- the witness's ability and opportunity to see, hear, or know the things the witness testified about;
- the witness's memory;
- the witness's demeanor;
- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony; and
- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented.

You may consider evidence that a witness was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.

**Summaries Received in Evidence**

A summary chart was admitted in evidence, and you may use that summary chart as evidence. It is up to you to decide how much weight to give to that summary chart.

**Instructions Regarding the Charged Crimes:**

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

**Elements of Bank Fraud by False or Fraudulent Pretenses**

Count One of the indictment charges the defendant with bank fraud by scheming to obtain money belonging to a bank by false or fraudulent pretenses or misrepresentations. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. There was a scheme to obtain moneys that were in the care, custody, or control of a bank by means of false or fraudulent pretenses, representations or promises, as charged in the indictment; and

2. The defendant knowingly carried out or attempted to carry out the scheme; and

3. The defendant acted with intent to defraud; and

4. The scheme involved a materially false or fraudulent pretense, representation, or promise; and

5. At the time of the charged offense the deposits of the bank were insured by the Federal Deposit Insurance Corporation.

If you find from your consideration of all the evidence that the government has proved

8

each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

**Elements of Bank Fraud by Scheming to Defraud a Financial Institution**

Counts Two through Four of the indictment charge the defendant with bank fraud by scheming to defraud a financial institution. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. There was a scheme to defraud a bank as charged in the indictment; and
2. The defendant knowingly carried out or attempted to carry out that scheme; and
3. The defendant acted with intent to defraud the bank; and
4. The scheme to defraud was material; and
5. At the time of the charged offense the deposits of the bank were insured by the Federal Deposit Insurance Corporation.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

**Definition of "Scheme"**

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

To prove a scheme to obtain moneys in the care, custody or control of a bank by means of false pretenses, representations or promises, as charged in Count One, the government must prove that a false pretense, representation or promise charged was what induced or would have induced the bank to part with the money. In considering whether the government has proven a scheme to obtain moneys in the care, custody or control of a bank by means of false pretenses, representations or promises, the government must prove at least one of the false pretenses, representations, promises, or acts charged in the portion of the indictment describing the scheme. However, the government is not required to prove all of them.

To prove a scheme to defraud a bank, as charged in Counts Two through Four, the government must prove a plan or course of action that is intended to deceive or cheat that bank. A scheme to defraud need not involve any specific false statement or misrepresentation of fact.

**Definition of Materiality**

A false or fraudulent pretense, representation or promise, or a scheme to defraud, is "material" if it is capable of influencing the decision of the person or bank to whom it was addressed or targeted.

It is not necessary that a false or fraudulent pretense, representation or promise, or a scheme to defraud, actually have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

In a scheme to obtain money belonging to a bank by false or fraudulent pretenses or misrepresentations, a defendant is not required to personally make the materially false or fraudulent pretense, representation, or promise to the bank. A defendant's materially false or

10

fraudulent pretense, representation, or promise can be conveyed to the bank by a third party, as long as the pretense, representation, or promise is the mechanism that induced or would induce a bank to part with money in its control.

### Definition of "Knowingly"

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake or accident. In deciding whether the defendant acted knowingly, you may consider all the evidence, including what the defendant did or said.

### Definition of Attempted Bank Fraud

A person attempts to commit bank fraud if he (1) knowingly takes a substantial step toward committing bank fraud, and (2) with the intent to commit bank fraud. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the offense of bank fraud.

### Definition of "Intent to Defraud"

A person acts with "intent to defraud" if he acts knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to the defendant or another or the potential loss of money or property to another.

### Success Not Required

The bank fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

The government need not prove that the scheme actually succeeded.

**Jury Deliberations**

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of the jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephones, cell phones, computers, or communication services they provide, such as the Internet, text messaging, instant messaging, chat rooms, blogs, websites, or social media services like Facebook, Instagram, LinkedIn, YouTube, Snapchat, Twitter, TikTok, or any other method of communication.

Also, you must not conduct any independent research about this case by any means. You may not consult any reference materials or search the Internet to obtain information about the matters in the case, or the individuals involved in the case, or to help you decide the case in any other way.

The reason that you cannot communicate with anyone about the case or conduct your own investigation and research is that it is critically important that you decide this case based solely on the evidence presented in this courtroom. That is the only information that has been seen and heard by all of your fellow jurors as well as the parties in the case. Permitting communications or investigation outside the courtroom would jeopardize the fairness of these proceedings because your verdict might then be based on information that is not reliable or admissible, that the parties did not have an opportunity to address, and that your fellow jurors did not have the opportunity to consider.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with

me except by written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

***If you send me a message, do not include the breakdown of any votes you may have conducted.*** In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be at that particular time.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt as to one or more of the charges, then it will be my job to decide on the appropriate sentence.

**<u>Verdict Form</u>**

A verdict form has been prepared for you. You will take this form with you to the jury room. When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will also sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You will now retire to deliberate. Your deliberations should follow the general parameters of the schedule we have followed during trial, that is, roughly nine-to-five, Monday through Friday. If you wish to extend deliberations somewhat, you may do so up until 6:00 p.m., when the building closes to the public. In providing you with this instruction, I intend no comment as to what the length of your deliberations should be.